UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tina Carlson-Oesterich, | Case No. 17-cv-1935 (PAM/TNL) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| American Family Mutual Insurance Company, S.I., | |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Dismiss. For the following reasons, the Motion is denied without prejudice and this case is remanded to the state court because the Court lacks subject matter jurisdiction.

**BACKGROUND**

On May 9, 2011, an uninsured motorist rear-ended and injured Plaintiff Tina Carlson-Oesterich. (Compl. (Docket No. 1-1) ¶¶ I-III, VII[1].) Carlson-Oesterich had a car-insurance policy with Defendant American Family Mutual Insurance Company, which provided uninsured motorist coverage. (Id. ¶ IV.) Carlson-Oesterich alleges that American Family is obligated to pay for her medical expenses sustained as a result of the car crash and seeks damages "in an amount in excess of Fifty Thousand Dollars ($50,000.00)." (Id. ¶ VII.)

---

[1] The Court refers to paragraph VII although Carlson-Oesterich mistitles her Complaint's paragraphs by skipping paragraph VI.

On May 8, 2017, one day before the six-year statute of limitations ran, Carlson-Oesterich mailed a copy of her Summons and Complaint to American Family and the Minnesota Department of Commerce, and also executed an affidavit of compliance. (Hellie Decl. (Docket No. 12) Ex. 1.)  On May 30, American Family filed an Answer in state court.  (Id. Ex. 2.)  American Family subsequently removed the case to this Court. (Notice of Removal (Docket No. 1).)  American Family now moves to dismiss Carlson-Oesterich's Complaint for insufficient service of process.

**DISCUSSION**

Although the parties do not raise the issue, the Court must determine whether it has subject matter jurisdiction before addressing American Family's Motion.  "It is well established that a court has a special obligation to consider whether it has subject matter jurisdiction in every case."  Hart v. United States, 630 F.3d 1085, 1089 (8th Cir. 2011) (citation omitted).  All federal courts are obligated to consider sua sponte their jurisdiction to entertain a case when they believe that jurisdiction may be lacking.  Clark v. Baka, 593 F.3d 712, 714 (8th Cir. 2010) (citation omitted).

The burden of proving federal jurisdiction is on the party seeking to establish it. Great Rivers Habitat All. v. Fed. Emergency Mgmt. Agency, 615 F.3d 985, 988 (8th Cir. 2010) (citation omitted).  American Family has the burden to prove subject matter jurisdiction because it removed the case to federal court.  See 28 U.S.C. § 1441(a).

American Family contends that the Court has subject matter jurisdiction because the matter in controversy exceeds $75,000 and is between citizens of different states.  See 28 U.S.C. § 1332(a)(1).  Although recognizing that Carlson-Oesterich's Complaint only

demands damages in excess of $50,000, American Family maintains that the Court has subject matter jurisdiction under 28 U.S.C. § 1446(c)(2)(A)(ii).

> Section 1446(c)(2) reads in full:
>
> If removal of a civil action is sought on the basis of the jurisdiction conferred by § 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
> (i) nonmonetary relief; or
> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in § 1332(a).

28 U.S.C. § 1446(c)(2). In other words, when a defendant removes a civil action to federal court, the sum demanded in a plaintiff's complaint generally is deemed to be the amount in controversy. The notice of removal may only assert the amount in controversy if a plaintiff's complaint seeks nonmonetary relief or the state permits recovery of damages in excess of the amount demanded and the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in § 1332(a).

Although Minnesota permits recovery of damages in excess of the amount demanded, see Minn. R. Civ. P. 8.01, American Family has not provided any evidence that the amount in controversy exceeds $75,000, let alone enough evidence for the Court to find by a preponderance of the evidence that the amount in controversy exceeds

$75,000. In fact, American Family's notice of removal fails to assert its own amount in controversy at all. Instead, it merely concludes that Carlson-Oesterich's demand for damages in excess of $50,000 meets the amount-in-controversy under § 1446(c)(2)(A)(ii), without citing the rest of the statute. (Notice of Removal ¶ 6.) Because American Family does not assert a different amount in controversy, the sum demanded in Carlson-Oesterich's Complaint shall be deemed to be the amount in controversy. That amount does not exceed $75,000, and the Court therefore lacks subject matter jurisdiction. See Al-Cast Mold & Pattern, Inc. v. Perception, Inc., 52 F. Supp. 2d 1081, 1083 (D. Minn. 1999) (Rosenbaum, J.) ("If the Court were to accept the proffered argument that the mere words 'in excess' met the Congressional requirement, there is no principled basis on which a sum 'in excess of $25.00' would not also do so."). The Court will therefore remand the case to the state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . . The State court may thereupon proceed with such case.").

**CONCLUSION**

The Court lacks subject matter jurisdiction. Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion (Docket No. 11) is **DENIED without prejudice** and this case is **REMANDED** to the state court.

Dated: July 27, 2017

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge

4